

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY PALMER, JR.,
on behalf of himself,
and all others similarly situated,

        Plaintiff,

v.                                   CASE NO. 6:15-cv-59-ORL-40-KRS

DYNAMIC RECOVERY SOLUTIONS LLC,
   a South Carolina limited liability company,

and CASCADE CAPITAL, LLC,
   a Delaware limited liability company,

        Defendants.
_____/

## CLASS ACTION COMPLAINT
## AND JURY TRIAL DEMANDED

1.    Plaintiff Ray Palmer, Jr., on behalf of himself and all others similarly situated, allege that Defendants Dynamic Recovery Solutions LLC, and Cascade Capital, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), by sending collection letters in the form of <u>Exhibit A</u> dunning consumers on timebarred debts without disclosure of that fact in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

## I. JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## II. PARTIES

3.  Plaintiff Ray Palmer, Jr. (hereinafter "Mr. Palmer") is a natural person who, at all times relevant, resided in Orlando in Orange County, Florida.

4.  Mr. Palmer is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.  Defendant Dynamic Recovery Solutions (hereinafter "DRS") is a corporation and citizen of the State of South Carolina with its principal place of business in Greenville, South Carolina.

6.  Defendant DRS registered agent in the State of Florida is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

7.  Defendant Cascade Capital, LLC (hereinafter "Cascade") is a Delaware limited liability company.

8.  Defendant Cascade's registered agent in the State of Florida is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

9.  Defendants DRS and Cascade are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) because they regularly use the mails and/or the

telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

10. Defendant DRS is licensed by the Florida Office of Financial Regulation as a "consumer collection agency" in the State of Florida.

11. Defendant Cascade is licensed by the Florida Office of Financial Regulation as a "consumer collection agency" in the State of Florida.

## III. FACTUAL ALLEGATIONS

12. Mr. Palmer incurred a credit card obligation to Bank of America ("BOA") for personal, family, or household purposes, e.g. – the purchase of groceries, clothing, gasoline, household items, etc. (Hereinafter, "credit card obligation.")

13. Upon information and belief, the cardholder agreement governing the credit card obligation to BOA provided that it was governed by applicable federal law and the laws of the State of Delaware.

14. The last payment made on Mr. Palmer's alleged BOA obligation was more than five (5) years before the date of Exhibit A, i.e. - February 3, 2009.

15. Upon information and belief, Cascade obtained Mr. Palmer's alleged BOA obligation after it had gone into default.

16. Upon information and belief, Cascade placed Mr. Palmer's alleged

credit card obligation with DRS for collection.

17. DRS mailed or caused to be mailed a letter dated February 3, 2014 to Mr. Palmer regarding his alleged credit card obligation. (A copy of this letter is attached hereto as <u>Exhibit A</u>. The handwritten circle in # 3 was made by Mr. Palmer after its receipt.)

18. <u>Exhibit A</u> was the first letter sent by DRS to Mr. Palmer regarding his alleged BOA obligation.

19. <u>Exhibit A</u> states in part:

1. Our office will allow you to settle your account for $9,543.08 if payment is received before 3/13/2014. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a settlement letter will be issued.

2. Our office will allow you to settle your account for $13,632.98 in 2 payments starting on 3/13/2014. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these two payments of $6,816.49, this account will be considered satisfied and closed, and a settlement letter will be issued.

3. Our office will allow you to settle your account for $17,722.87 in 4 payments starting on 3/13/2014. We are not obligated to renew this offer. These payments can be no more than 30 days apart. Upon receipt and clearance of these four payments of $4,430.72, this account will be considered satisfied and closed, and a settlement letter will be issued.

4. If you are unable to accept one of the above settlement offers, please contact our office for a partial payment plan that you can

afford. In many cases we can freeze the interest while you <u>are</u> adhering to a partial payment plan. We take pride in working with all customers, regardless of your current financial position.

20. Mr. Palmer was confused and mislead by <u>Exhibit A</u>.

21. Mr. Palmer's credit card obligation is time barred by the statute of limitations of the forum state (i.e., Florida) and pursuant to the choice of law provision in the BOA credit card agreement (i.e., Delaware).

22. Under Florida law, the statute of limitations for credit card accounts such as Plaintiff's BOA credit card is no more than five (5) years.

23. The statute of limitations on a credit card debt in Delaware is three (3) years.

24. Nothing in <u>Exhibit A</u> disclosed that the debt was barred by the statute of limitations or not legally enforceable.

25. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt."
(http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States,

5

requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

26. DRS and Cascade contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant participated with each other and concurred in committing the acts complained of herein.

27. Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

## IV. DEFENDANTS' ROUTINE PRACTICES

28. It is or was the routine practice of Defendants to send, or cause to be sent, letters in the form of <u>Exhibit A</u> seeking to collect timebarred debts which did not disclose that the statute of limitations has expired and that Defendant can not sue the consumer to collect the debts.


requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

26. DRS and Cascade contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant participated with each other and concurred in committing the acts complained of herein.

27. Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

## IV. DEFENDANTS' ROUTINE PRACTICES

28. It is or was the routine practice of Defendants to send, or cause to be sent, letters in the form of <u>Exhibit A</u> seeking to collect timebarred debts which did not disclose that the statute of limitations has expired and that Defendant can not sue the consumer to collect the debts.

## V. CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on his own behalf and on behalf of a class of consumers designated pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

30. The class is comprised of all persons who satisfy the following criteria: (i) all persons with addresses in Florida (ii) to whom any Defendants sent, or caused to be sent, a letter in the form of Exhibit A on behalf of Cascade Capital, LLC (iii) in an attempt to collect an alleged debt originally due Bank of America (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A (vi) during the period one year prior to the date of filing this action.

31. Plaintiff alleges on information and belief based on the use of letters in the form of Exhibit A that the class is so numerous that joinder of all members is impractical.

32. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.    Whether Defendants are debt collectors.

      b.      Whether Defendants' letter in the form of <u>Exhibit A</u> violates the FDCPA.

33.      The claims of Mr. Palmer are typical of those of the class members. All are based on the same facts and legal theories.

34.      Mr. Palmer will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

35.      Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.      The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI. <u>COUNT I - FAIR DEBT COLLECTION PRACTICES ACT</u>

36.      Plaintiff incorporates the foregoing Paragraphs.

37.      Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on timebarred debts without disclosure of that fact.

38.  The nondisclosure is exacerbated by the offers to "settle" and statements that "this account will be considered satisfied and closed, and a settlement letter will be issued" in <u>Exhibit A</u>.  An offer to settle implies a colorable legal obligation to pay.  On different terms at three point in <u>Exhibit A</u> Defendants stated "Our office will allow you to settle . . . " and "this account will be considered satisfied and closed, and a settlement letter will be issued."  In the fourth point Defendants stated: "If you are unable to accept one of the above settlement offers, please contact our office for a partial payment plan that you can afford. In many cases we can freeze the interest while you are adhering to a partial payment plan." These offers to settle are contrived to erroneously suggest that the debt could be enforced legally.

39.  The FDCPA provides:

§ 1692e. False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

>(2) The false representation of--
>
>>(A) the character, amount, or legal status of any debt; . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

Section 1692f provides:

§ 1692f. Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

WHEREFORE, Plaintiff Ray Palmer, Jr. requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants Dynamic Recovery Solutions LLC and Cascade Capital, LLC for:

 A. Certification for this matter to proceed as a class action;

 B. Declaratory relief that Defendants' letters in the form of <u>Exhibit A</u> violate the FDCPA;

 C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

 D. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692(a)(3); and

 E. Such other or further relief as the Court deems proper.

## VII. JURY DEMAND

Plaintiff Ray Palmer, Jr. hereby demands trial by jury of all claims so triable.

DATED : January 14, 2015.

*[signature]*
DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice : (407) 648-9050
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N. 0776238

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFFS

## EXHIBIT LIST

EXHIBIT "A"   Letter (dated February 3, 2014) from Dynamic Recovery Solutions LLC to Mr. Raymond Palmer, Jr.