UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY PALMER, JR.,
      on behalf of himself,
      and all others similarly situated,

        Plaintiff,

                                    CASE NO.: 6:15-CV-59-ORL-40-KRS

vs.

DYNAMIC RECOVERY SOLUTIONS LLC,
      a South Carolina limited liability
      company,

and CASCADE CAPITAL, LLC,
      a Delaware limited liability company,

        Defendants.
_____/

**RENEWED JOINT MOTION FOR CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiff RAY PALMER, JR. ("Plaintiff") and Defendants DYNAMIC RECOVERY

SOLUTIONS LLC and CASCADE CAPITAL, LLC ("Defendants") respectively request

that the Court enter an order certifying this case to proceed as a class action for

Preliminary Approval of the Proposed Class Settlement. Plaintiff and Defendants request

that this Court certify a class defined as:

> (i) all persons with addresses in Florida; (ii) to whom Defendant Dynamic
> Recovery Solutions LLC sent, or caused to be sent, a letter in the form of
> Exhibit A attached to the Complaint on behalf of Cascade Capital LLC; (iii)
> in an attempt to collect an alleged debt originally due Bank of America; (iv)
> which, as shown by the nature of the alleged debt, Defendants' records, or
> the records of the original creditors, was primarily for personal, family, or
> household purposes; (v) on which the last payment was made five or more
> years prior to the date of mailing of the letter in the form of Exhibit A; and
> (vi) during the year prior to the filing of the original complaint in this action
> through the date of certification.

In support of this motion, Plaintiff and Defendants state the following:

1.    On January 15, 2015, Plaintiff filed his Class Action Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). [DE 1].

2.    On February 20, 2015, Defendant Cascade Capital, LLC filed its Answer to the Class Action Complaint [DE 14].

3.    On March 10, 2015, Defendant Dynamic Recovery Solutions LLC filed its Answer to the Class Action Complaint [DE 26].

4.    On July 20, 2015, Plaintiff filed a Notice of Settlement of Class Action. [DE 40].

5.    On October 30, 2015, the Parties filed their Joint Motion for Class Certification and Preliminary Approval of Class Settlement. [DE 43].

6.    On November 17, 2015, this Court held a hearing on the Parties Joint Motion to Certify the Class, and following the hearing, entered an Order requiring the Parties to file a joint memorandum of law on the issue of vicarious liability. [DE 51].

7.    On December 10, 2015, the Parties filed their Joint Memorandum of Law in response to the Court's November 17, 2015 Order. [DE 55].

8.    On May 4, 2016, this Court entered an Order denying the Parties' Joint Motion for Class Certification and Preliminary Approval of Class Settlement, and further requiring the Parties to file their renewed joint motion for class certification and preliminary approval of settlement, or, in the alternative, for Plaintiff to file a motion for class certification within thirty days of the date of the Order.  [DE 57].

9.      On May 17, 2016, Defendant Dynamic Recovery Solutions LLC filed its Unopposed Motion for Extension of Time to File a Renewed Joint Motion for Class Certification and Preliminary Approval of Settlement or in the Alternative for Plaintiff to File a Motion for Class Certification. [DE 58].

10.     On May 18, 2016, this Court entered an Order providing the Parties an extension up to and including July 6, 2016, to file a Renewed Joint Motion for Class Certification and Preliminary Approval of Settlement or in the Alternative for Plaintiff to File a Motion for Class Certification. [DE 59].

11.     The Parties file this Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement. The Parties have also concurrently filed their Memorandum of Law in Support of Renewed Joint Motion for Class Certification and for Preliminary Approval of Class Settlement, which incorporates by reference the prior Memorandums in support of class certification and for preliminary approval of class settlement, and addresses this Honorable Court's concerns with the Parties initial Joint Motion for Class Certification and Preliminary Approval of Settlement or in the Alternative for Plaintiff to File a Motion for Class Certification, as described in the May 4, 2016 Order.

## CLASS ACTION CERTIFICATION

12.     Plaintiff alleges that it was the policy and practice of Defendants to send, or to cause to be sent, a form letter seeking to collect time-barred debts and did not disclose that the statute of limitations had expired and that Defendants could not sue the consumer to collect the debts in violation of 15 U.S.C. § 1692e.

13.   Defendants deny liability to Plaintiff and the putative class for the claims alleged in the Complaint, but to avoid the cost of continuing litigation consider it desirable that the action proceed as a class action and the claims alleged herein be settled, upon the terms and conditions set forth in the Class Settlement Agreement ("Agreement") executed by the parties, attached hereto as Exhibit A.

14.   All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

15.   Defendant DYNAMIC RECOVERY SOLUTIONS LLC has admitted that it mailed the form letter attached as Exhibit A to the Complaint (a copy of the Complaint and accompanying Exhibit is attached hereto as Exhibit B) to 1,181 members of the class as defined by Plaintiff. *See* Affidavit of Rich Hughes in support of the Joint Motion for Class Certification and Preliminary Approval of Class Settlement (attached hereto as Exhibit C).

16.   There are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the class is that each was sent a letter in the form attached to the Complaint, verbatim in substance to the letter sent to Ray Palmer, Jr.

17.   There are no individual issues other than identifying class members, which may be accomplished through a review of Defendants' records. Defendant Dynamic Recovery Solutions LLC has already identified the number of class members.

18.     Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

19.     Ray Palmer, Jr. will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and/or class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue their action. *See* Declaration of Ray Palmer, Jr. in Support of Plaintiff's Motion for Class Certification, Declaration of Donald E. Petersen in Support of Plaintiff's Motion for Class Certification, and Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for Class Certification, filed separately.

20.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a.     Congress specifically contemplated FDCPA class actions as a principle means of enforcing the statute. 15 U.S.C. § 1692k(a)(2)(B) and 15 U.S.C. § 1692k(b)(2).

    b.     Most of the class members are not aware of their rights and have no knowledge that their rights are potentially being violated by Defendants' collection practices.

    c.     The interest of the class members to individually control the litigation is small because the maximum statutory damages in an individual action are $1,000.00.

     d.     Management of this action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

21. These grounds are further explained and supported by the Memorandum of Law in Support of Renewed Joint Motion for Class Certification and for Preliminary Approval of Class Settlement filed concurrently with this Motion, as well as the prior Memorandum of Joint Motion for Class Certification and Preliminary Approval of Class Settlement filed with this Court on October 30, 2015, (a copy being attached hereto as Exhibit D) and the Joint Memorandum of Law on the Issue of Vicarious Liability in Support of Joint Motion for Class Certification and Preliminary Approval of Class Settlement filed with this Court on December 11, 2015 (a copy being attached hereto as Exhibit E).

22. Defendants state based on their electronic records that there are 1,181 members in the Class. The parties jointly request the Court appoint the Plaintiff as Class representative, and pursuant to Federal Rule of Civil Procedure 23(g), Donald E. Petersen and O. Randolph Bragg as class counsel.

**PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT**

23. Counsel for the Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and exposure involved in pursing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likely costs and possible outcomes of one or more procedural

and substantive appeals. Based upon their review and analysis, and after arms-length negotiations, Plaintiff and Defendants entered into the Agreement.

24.    Pursuant to the Agreement, the parties have agreed to the following settlement:

a.    Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC, shall pay a total of $24,000.00 to the class for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) to be distributed on a pro rata basis to each class member who does not timely opt out or exclude himself or herself from the class settlement (the "Class Settlement Fund");

b.    Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC, shall pay Plaintiff a total of $500.00 in recognition for his service as Class Representative, and Defendant Dynamic Recovery Solutions LLC, on behalf of itself and  Defendant Cascade Capital, LLC, shall pay an additional total of $500.00 to Plaintiff as his statutory damages pursuant to 15 U.S.C. § 1692k (this is in addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund);

c.    Plaintiff shall be deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC, shall pay Plaintiff's reasonable attorneys' fees and costs as determined or approved by the Court pursuant to Rule 23(h) if the amount of reasonable attorneys' fees and costs cannot first be agreed

upon by the Parties (this is in addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund); and

d.     Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC, shall pay the reasonable costs of class notice, distribution, and administration directly to the class administrator in advance of the services necessitating any such costs (this is in addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund).

25.     Class Members shall be sent a Notice of Class Action and Proposed Settlement ("Class Notice"), a proposed copy being attached hereto as Exhibit F. The Class Notice shall inform Class Members that any Class Member may seek to be excluded from the Settlement. Class members shall have at least 45 days after mailing of the Class Notice to opt out, enter an appearance, or object to the proposed settlement.

26.     Plaintiff and counsel for Plaintiff and the class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable and adequate, and would be in the best interest of the class members.

27.     After Defendants provide Plaintiff and the Class Administrator with the list of class members (seven days after preliminary approval, per the Class Action Settlement Agreement), the Class Administrator will need approximately 35 days to print the notice and claim forms, perform the NCOA update regarding class member addresses, and mail the document. Thereafter, class members shall have 45 days to opt out, enter an appearance, or object to the proposed

settlement. Another 10 days thereafter is needed for the Class Administrator to receive and compile opt outs. This time period totals 90 days from the date of the Preliminary Approval Order. Therefore, the parties request this Court to set the hearing on final approval of the settlement at least 100 days from the date of preliminary approval.

WHEREFORE, Plaintiff and Defendants respectfully request this Court enter an order in the form of the attached Exhibit G that: (i) certifies this action as a class action and certifies the class described herein; (ii) appoints Plaintiff Ray Palmer, Jr. as Class Representative; (iii) appoints Donald E. Petersen and O. Randolph Bragg as Class Counsel; (iv) grants preliminary approval of the proposed Class Settlement Agreement; (v) directs the mailing of the Class Notice in the form of Exhibit F subject to any medication deemed necessary by the Court; and (vi) sets dates for opt-outs and objections, and schedules a hearing for final approval.

Dated: July 6, 2016

By:

/s/ Donald E. Petersen_____
DONALD E. PETERSEN
Florida Bar Number 0776238
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Phone: 407-648-9050
petersen221@yahoo.com
Attorneys for Plaintiff

/s/ O. Randolph Bragg_____
O. Randolph Bragg (pro hac vice)
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, IL 60602
Phone (312) 372-8822
rand@horwitzlaw.com
Co-counsel for Plaintiff


/s/ Ernest H. Kohlmyer, III
ERNEST H. KOHLMYER, III, ESQ. LLM
Florida Bar No. 0110108
URBAN, THEIR, FEDERER & CHINNERY, P.A.
200 South Orange Avenue; Suite 20000
Orlando, FL 32801
Phone : 407) 245 – 8352
Fax : (407) 245 – 8361
Kohlmyer@urbanthier.com
Attorneys for Defendant, Cascade Capital, LLC

/s/ Brian D. Rubenstein
BRIAN RUBENSTEIN, ESQ
Florida Bar No. 16997
Cole, Scott & Kissane, P.A.
4301 West Boy Scout Boulevard; Suit 400
Tampa, FL 33607
Phone : 813 – 864 – 9319
Fax : 813 – 286 – 2900
Brian.Rubenstein@ckslegal.com
Attorney for Defendant, Dynamic Recovery Solutions, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system this 6th day of July 2016, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
4301 West Boy Scout Boulevard, Suite 400
Tampa, Florida 33607
Primary E-mail:
brian.rubenstein@csklegal.com
Secondary E-mail: eric.moody@csklegal.com
Secondary E-mail: jennifer.rinn@csklegal.com
Telephone:   (813) 289-9300
Facsimile:    (813) 286-2900

By:_____ */s/ Brian Rubenstein*
BRIAN RUBENSTEIN
FBN: 0016997