UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY PALMER, JR.,
on behalf of himself,
and all others similarly situated,

      Plaintiff,

CASE NO.: 6:15-CV-59-ORL-40-KRS

vs.

DYNAMIC RECOVERY SOLUTIONS LLC,
a South Carolina limited liability company,

and CASCADE CAPITAL, LLC,
a Delaware limited liability company,

      Defendants.
_____/

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1. **PARTIES.** Plaintiff Ray Palmer, Jr. ("Plaintiff"), individually and as representative of the class of persons defined in Paragraph 8 ("Class"), and Defendants Dynamic Recovery Solutions LLC, and Cascade Capital, LLC, ("Defendants"), enter into this Settlement Agreement ("Agreement").

2. **Nature of Litigation.** In this lawsuit, Plaintiff alleges that Defendants sent, or caused to be sent, letters seeking to collect time-barred debts that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

3. **Denial of Liability.** Defendants deny violating the FDCPA and further deny any liability to Plaintiff and the Class for the claims alleged. Defendants desire to settle Plaintiff's claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by Plaintiff or the Class against Defendants concerning the matters alleged.

4. Plaintiff, individually and on behalf of the Class, and Defendants desire to settle this litigation, having taken into account the risks, delay and difficulties involved in

establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5. Plaintiff's counsel has investigated the facts and the applicable law. Defendants have provided information and documents in response to Plaintiff's discovery requests. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and Defendants agree to settlement the claims of Plaintiff and the Class, subject to the Court's approval, on the following terms and conditions.

## TERMS

7. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all the following: (1) the Court's entry of a final order approving this Agreement as fair, reasonable, and adequate to the Class; finding that this Agreement is fair and made in good faith; dismissing the claims of Plaintiff and the Class members against Defendants without prejudice; and (2)(a) if no objection is received, the expiration of five (5) days from the time that the final approval order become final, non-appealable order, or (b) if an objection is received, the expiration of five (5) days after the time the final order, judgment, and decree becomes final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment, and decree, the terms and provisions of this Agreement, and orders the consummation of the settlement in accordance with the terms and provisions of the Agreement.

8. **Certification of Class.** For the purposes of settlement, the Parties stipulate to the certification of the Class, which is defined as:

> (i) all persons with addresses in Florida; (ii) to whom Defendant Dynamic Recovery Solutions LLC ("Defendant Dynamic") sent, or caused to be sent, a letter in the form of Exhibit A attached to the Complaint on behalf of Cascade Capital LLC; (iii) in an attempt to collect an alleged debt originally due Bank of America; (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes; (v) on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A; and (vi) during the year prior to the filing of the original complaint in this action through the date of certification.

Defendants state, based on their electronic records, that there are 1,181 members in the Class. The parties agree and stipulate to the appointment of Plaintiff Ray Palmer, Jr. as Class Representative and Donald E. Petersen and O. Randolph Bragg as Class Counsel.

9. **Relief to Plaintiff and the Class.** Defendants shall provide the following relief to Plaintiff and the Class:

   a. Defendant Dynamic shall pay on behalf of itself and Defendant Cascade a total of $24,000.00 to the class for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) to be distributed on a pro rata basis to each class member who does not timely opt out, or exclude himself or herself from the class settlement (the "Class Settlement Fund");

   b. Defendant Dynamic shall pay on behalf of itself and Defendant Cascade a total of $500.00 to Plaintiff in recognition for his service as Class Representative, and an additional total of $500.00 to Plaintiff as his statutory damages pursuant to 15 U.S.C. § 1692k (this is in addition to and not part of the $24,000.00 Class Settlement Fund);

   c. Plaintiff shall be deemed the prevailing and successful party solely for purposes of an award of reasonable costs and attorney fees. Defendant Dynamic on behalf of itself and Defendant Cascade shall pay Plaintiff's costs and reasonable attorneys' fees as determined or approved by the Court pursuant to Rule 23(h) if the amount of reasonable attorneys' fees and costs cannot first be agreed to by the Parties (this is in addition to and not part of the $24,000.00 Class Settlement Fund); and

   d. Defendant Dynamic shall pay on behalf of itself and Defendant Cascade the reasonable costs of class notice, distribution, and administration directly to the class administrator in advance of the services necessitating any such costs (this is in addition to and not part of the $24,000.00 Class Settlement Fund).

10. Class members shall have at least forty-five (45) days after mailing the notice of the proposed settlement to opt out, enter an appearance, or object to the proposed settlement.

11. Within thirty days of the Effective Date, Defendant Dynamic on behalf of itself and Defendant Cascade shall provide the class administrator with a check for $12,000.00 which is half the amount contemplated by Paragraph 9(a) above. Within thirty days of the Effective Date, Defendant Dynamic shall provide Plaintiff's counsel, on behalf of itself and Defendant Cascade, with a check for $500.00 which is half the amount contemplated by Paragraph 9(b) above. Within sixty days of the Effective Date, Defendant Dynamic shall provide the class

administrator, on behalf of itself and Defendant Cascade, with a second check for $12,000.00 which is the remaining half of the amount contemplated by Paragraph 9(a) above. Within sixty days of the Effective Date, Defendant Dynamic shall provide Plaintiff's counsel, on behalf of itself and Defendant Cascade, with a second check for $500.00 that is the remaining half of the amount contemplated by Paragraph 9(b) above. Plaintiff's counsel shall distribute $1,000.00 to Plaintiff. The Class Administrator shall distribute $24,000 for *pro rata* distribution to each class member who has not timely opted out, or excluded him or herself from the class settlement. Settlement checks shall be void forty-five (45) days from the date of issuance. Within twenty-one (21) days after the Court's award of costs and reasonable attorney fees, or on the Effective Date, whichever is later, Defendant Dynamic shall provide Plaintiff's counsels with a check in the amount of reasonable costs and reasonable attorney fees in an amount to be determined or approved by the Court pursuant to Rule 23(h) of the Federal Rules of Civil Procedure if that amount of reasonable attorney's fees and costs cannot first be agreed upon by the Parties.

Within thirty (30) days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid by the class administrator on behalf of Plaintiff's counsel as a cy pres remedy to be divided equally between National Consumer Law Center and National Association of Consumers Advocates for use in consumer representation and advocacy.

12. **Release.** Upon the Effective Date, Plaintiff and the class members release and discharge Defendants and their predecessors and successors in interest and present and former employees, agents, subsidiaries, insurers, beneficiaries, representatives, heirs, successors, predecessors, owners, trustees, directors, board members, attorneys, or assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Plaintiff and the Class now has or ever had against the Released Parties under any legal theory that arose or could have arisen from the facts alleged in the Complaint. This release is conditioned upon the final approval of this Agreement by the Court and the parties meeting their respective obligations stated herein.

13. Defendants do not release their claims against any members of the Class for the payment of an alleged debt. The underlying alleged debts Defendants sought to collect from members of the Class are not affected by this Agreement. This Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by the Class members or prevent Class members from asserting any defenses they have to any debts that Defendants may now or in the future try to collect.

14. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice

to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

15. **Attorney's Fees, Notice Costs, and Related Matters.** Defendants shall pay the reasonable costs of notice and settlement administration, as described in Paragraph 9(d). Plaintiff's counsels will direct the third-party class administrator regarding class notice with billing for said services to be directed to Defendants' counsel of record in this lawsuit. Defendants agree to and shall pay Plaintiff's costs and reasonable attorney fees as determined or approved by the Court pursuant to Rule 23(h), as described in Paragraph 9(c), if the parties cannot first agree to the amount of Plaintiff's reasonable costs and attorney's fees.

16. **Notice.** Within fourteen (14) days of entry of the Preliminary Approval Order, Defendants' counsel shall provide the class administrator and Plaintiff's counsel with a list of Class members' names and addresses in electronic format. Within forty-five (45) days after entry of the Preliminary Approval Order, First Class, Inc., the third-party administrator, shall send actual notice to the last known addresses of the Class members according to Defendant's records, as updated by a National Change of Address search performed by First Class, Inc. Plaintiff's counsel may direct the third-party class administrator to distribute the notice via first class U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the third-party class administrator shall cause to be forwarded any such returned notice to the forwarding address within five (5) days of receipt. Class members shall have at least forty-five (45) days from the date of the Notice of the Class Settlement is initially mailed to opt out or request exclusion, enter an appearance, or file an objection

17. **Exclusion from Class.** The Notice shall inform that any Class Member may seek to be excluded from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Class Administrator and postmarked no later than the deadline established by the Court ("Opt-Out Date"). To be effective, the request for exclusion must make clear that exclusion is sought by submitting a letter stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN PALMER v. DYNAMIC RECOVERY SOLUTIONS, LLC." The request for exclusion must also contain the excluded Class Member's name, address, and hand written signature (electronic or typed signatures are not sufficient). The Class Administrator shall provide a list of persons opting out to Class and Defendant's counsel who shall file the list with the Court.

18. **Enter An Appearance.** Pursuant to Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure the Notice shall inform that a class member may enter an appearance in this litigation through his or her attorney.

19. **Objections.** The Notice shall inform that any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to Class Counsel and Defendants' Counsel a written statement of reasons for the objection no later than 30 days before the Settlement Hearing date. Settlement Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served prior to the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make his or his objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

20. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall make application to the Court for the Preliminary Approval Order, which:

    (a) Preliminarily approves this Agreement;

    (b) Certifies the Class defined in Paragraph 8 for settlement purposes and appoints Plaintiff as Class Representative;

    (c) Appoints Donald E. Petersen and O. Randolph Bragg as Class counsel;

    (d) Schedules a hearing for final approval of this Agreement;

    (e) Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records as updated by a National Change of Address search performed by First Class, Inc.; and

    (f) Finds that mailing of the Class notice and the other measures specified in the Paragraph above are the only notice required and that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

21. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

22. **Final Approval.** At the conclusion of, or as soon as practicable after the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of ninety (90) days from the preliminary approval of the settlement, Plaintiff, Plaintiff's counsel, and Defendants shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable, and adequate, providing for the implementation of those terms and provisions, finding that the stipulated class meets the requirements of Rule 23, the notice given to the Class satisfies the requirements of due process and Rule 23, dismissing the claims of Plaintiff and the Class without prejudice and without costs (other than provided for in Paragraphs 9 and 16 above), directing the entry of a Final Order, and retaining jurisdiction to enforce the provisions of this Agreement. Once compliance with the final approval order is complete, the parties agree to file a stipulation converting the dismissal without prejudice to a dismissal with prejudice.

23. The parties agree to request the entry of a Final Order. The fact that the Court may require non-substantive changes in the Final Order does not invalidate this Settlement Agreement.

24. **Uncashed Checks.** On or about fourteen (14) days after the void date of the class settlement checks, the Class Administrator on behalf of Class Counsel shall provide the total amount of the uncashed, checks divided equally between National Consumer Law Center and National Association of Consumers Advocates for use in consumer representation and advocacy, as described in Paragraph 11 above.

### Compliance with Class Action Fairness Act.

25. **General**: The respective parties agree and acknowledge that the settlement of the instant matter may be subject to the requirements of 28 U.S.C. §1332, *et sequi,* known more commonly as the "Class Action Fairness Act of 2005" ("CAFA"). Pursuant to CAFA, Defendant Dynamic is required to notify federal and state agencies as to the filing of a proposed class action settlement ("CAFA Notice"), and the Final Approval hearing shall not occur until the CAFA Notice has been provided and the noticed federal and state agencies have been provided their legally entitled notice period under CAFA.

26. **Transmission of CAFA Notice**: Within thirty (30) days from the entry of the Order of Preliminary Approval by the Court, Defendant Dynamic shall serve upon the appropriate Florida state official and the appropriate federal official, the CAFA Notice required under 28 U.S.C. §1715(b). Within sixty (60) days from entry of the Order of Preliminary Approval, Defendant Dynamic shall

file or cause to be filed with the Court a certificate of compliance with respect to the CAFA Notice.

27. **Miscellaneous Provisions.** The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

28. Notices and objections related to this Agreement shall be filed with the Court and notice send to the Class Administrator.

29. The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

30. This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

31. Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and any of their successor, personal representatives and assigns, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

32. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida, and venue shall be in the United States District Court, Middle District of Florida, Orlando Division.

**For Plaintiff and the Class**

x _Ray Palmer Jr._ Date _06/25/16_
Ray Palmer Jr.

For Cascade Capital, LLC

x _[signature]_ Date _7/5/16_

Case No. 6:15-CV-59-ORL-40-KRS

By: _Managing Diretor, Lee Brickett_
    **List title and print name**

**For Dynamic Recovery Solutions, LLC**

x _____  Date _____

By: _____
    **List title and print name**

Case No. 6:15-CV-59-ORL-40-KRS

By: _____
List title and print name

For Dynamic Recovery Solutions, LLC

x _~~~~~~~~~~~~~~~~    Date  6/27/2016

By: _CHIEF COMPLIANCE OFFICER_
List title and print name