UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY PALMER, JR.,
      on behalf of himself,
      and all others similarly situated,

        Plaintiff,

                                    CASE NO.: 6:15-CV-59-ORL-40-KRS

vs.

DYNAMIC RECOVERY SOLUTIONS LLC,
      a South Carolina limited liability
      company,

and CASCADE CAPITAL, LLC,
      a Delaware limited liability company,

        Defendants.
_____/

**MEMORANDUM IN SUPPORT OF RENEWED JOINT MOTION FOR CLASS
CERTIFICATION AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

      Plaintiff, Ray Palmer, Jr. ("Plaintiff"), and Defendants, Dynamic Recovery Solutions

LLC and Cascade Capital, LLC ("Defendants") have reached an agreement to settle this

matter that was brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

et seq. ("FDCPA"). Plaintiff and Defendants filed a renewed joint motion for the Court to

approve the Parties' Class Settlement Agreement pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure and in support thereof file this Memorandum.

**I.**      **PROCEDURAL HISTORY.**

      On January 15, 2015, Plaintiff filed his Class Action Complaint pursuant to the Fair

Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). [DE 1].

      On February 20, 2015, Defendant Cascade Capital, LLC filed its Answer to the

Class Action Complaint. [DE 14].

On March 10, 2015, Defendant Dynamic Recovery Solutions LLC filed its Answer to the Class Action Complaint. [DE 26].

On July 20, 2015, Plaintiff filed a Notice of Settlement of Class Action. [DE 40].

On October 30, 2015, the Parties filed their Joint Motion for Class Certification and Preliminary Approval of Class Settlement. [DE 43].

On November 17, 2015, this Court held a hearing on the Parties Joint Motion to Certify the Class, and following the hearing, entered an Order requiring the Parties to file a joint memorandum of law on the issue of vicarious liability. [DE 51].

On December 10, 2015, the Parties filed their Joint Memorandum of Law on the Issue of Vicarious Liability in Support of Joint Motion for Class Certification and Preliminary Approval of Class Settlement in response to the Court's November 17, 2015 Order. [DE 55].

On May 4, 2016, this Court entered an Order denying the Parties' Joint Motion for Class Certification and Preliminary Approval of Class Settlement, and further requiring the Parties to file their renewed joint motion for class certification and preliminary approval of settlement, or, in the alternative, for Plaintiff to file a motion for class certification within thirty days of the date of the Order.  [DE 57].

On May 17, 2016, Defendant Dynamic Recovery Solutions LLC filed its Unopposed Motion for Extension of Time to File a Renewed Joint Motion for Class Certification and Preliminary Approval of Settlement or in the Alternative for Plaintiff to File a Motion for Class Certification. [DE 58].

On May 18, 2016, this Court entered an Order providing the Parties an extension up to and including July 6, 2016, to file a Renewed Joint Motion for Class Certification

and Preliminary Approval of Settlement or in the Alternative for Plaintiff to File a Motion for Class Certification. [DE 59].

The parties have reached a class-wide settlement agreement regarding all issues, subject to the Court's approval, and now request that the Court grant approval of the Class Settlement Agreement pursuant to Rule 23(e).

## II.    <u>STATEMENT OF FACTS.</u>

The parties have reached a Class Settlement Agreement ("Agreement"), attached to the concurrently filed Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement as Exhibit A.

Defendants state based on their electronic records there are 1,181 Class members.

Pursuant to the Agreement:

a.    Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC shall pay a total of $24,000.00 to the class for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) to be distributed on a pro rata basis to each class member who does not timely opt out or exclude himself or herself from the class settlement (the "Class Settlement Fund");

b.    Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC, shall pay Plaintiff a total of $500.00 in recognition for his service as Class Representative, and Defendant Dynamic Recovery Solutions LLC, on behalf of itself and  Defendant Cascade Capital, LLC, shall pay an additional total of $500.00 to Plaintiff

as his statutory damages pursuant to 15 U.S.C. § 1692k (this is in addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund);

c.    Plaintiff shall be deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC, shall pay Plaintiff's reasonable attorneys' fees and costs as determined or approved by the Court pursuant to Rule 23(h) if the amount of reasonable attorneys' fees and costs cannot first be agreed upon by the Parties (this is in addition to and not part of the $24,000.00 Class Settlement Fund); and

d.    Defendant Dynamic Recovery Solutions LLC, on behalf of itself and Defendant Cascade Capital, LLC, shall pay the reasonable costs of class notice, distribution, and administration directly to the class administrator in advance of the services necessitating any such costs (this is in addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund).

The Class Notice shall inform Class Members that any Class Member may seek to be excluded from the Settlement. Class members shall have at least forty-five (45) days after the mailing of the Class Notice to opt out, enter an appearance, or object to the proposed settlement.

III.     **THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED CLASS.**

The Parties respectfully request the Court grant their Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement (the "Joint Motion") and to certify this litigation to proceed on behalf of a class. The class is defined as:

> (i)      all persons with addresses in Florida; (ii) to whom Defendant Dynamic Recovery Solutions LLC sent, or caused to be sent, a letter in the form of Exhibit A attached to the Complaint on behalf of Cascade Capital LLC; (iii) in an attempt to collect an alleged debt originally due Bank of America; (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes; (v) on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A; and (vi) during the year prior to the filing of the original complaint in this action through the date of certification.

In the interest of brevity, this Memorandum will forego repeating the applicable standards for class certification and the prior arguments that this matter meets the Rule 23 requirements for class certification already contained within the Parties' Memorandum of Joint Motion for Class Certification and Preliminary Approval of Class Settlement filed with this Court on October 30, 2015, and the Joint Memorandum of Law on the Issue of Vicarious Liability in Support of Joint Motion for Class Certification and Preliminary Approval of Class Settlement filed with this Court on December 11, 2015. Instead, this Memorandum incorporates by reference these Memorandums and will only address the concerns with certification outlined in the May 4, 2016 Order denying the Parties' Joint Motion for Class Certification and Preliminary Approval of Class Settlement (hereinafter the "Order").

The Order outlined the following concerns: (1) The proposed settlement does not fairly and adequately account for Plaintiff's likelihood of success against Defendants; (2) The proposed settlement unfairly confers preferential treatment on Plaintiff to the

detriment of the class; and (3) The proposed settlement was reached in the absence of meaningful discovery. This Memorandum will address each area of concern in order.

**A.      The proposed settlement does not fairly and adequately account for Plaintiff's likelihood of success against Defendants.**

The Order addresses three areas in which the proposed settlement does adequately account for Plaintiff's likelihood of success against: (1) the Parties have not accounted for the strength of the Plaintiff's case; (2) the Defendants do not have strong defenses to liability, particularly as to vicarious liability; and (3) the settlement does not fall at a fair, reasonable, and adequate point within the range of recovery. In order to address these concerns, Defendants submit additional defenses and case law for the Court's consideration that supports the defenses outlined by Defendant, and Defendants have also doubled the Class Settlement Fund from $12,000 to $24,000 as described below.

The Parties have accounted for the strength of the Plaintiff's case and the potential defenses to liability. Specifically, there are no Eleventh Circuit Court of Appeals cases on point addressing whether a similar dunning letter violates the FDCPA; however, the United States District Court, Southern District of Florida, recently held that a plaintiff alleging violation of the FDCPA involving a similar dunning letter failed to state a cause of action as a matter of law, and that any amended complaint would also be futile, thereby dismissing the case with prejudice. *Ehrich v. Convergent Outsourcing, Inc.*, No. 1:15-cv-22796-KMM, 2015 WL 6470453 (S.D. Fla. 2015).

Just as in the present case, the defendant in the *Ehrich case* sent the plaintiff a dunning letter attempting to collect a debt that was no longer enforceable in court. *Id.* at *1. Plaintiff alleged that the defendant's letter violated the FDCPA by failing to advise him

that the debt was not enforceable in court and nonetheless offering to settle the debt at a

discount. *Id.* Specifically, the letter at issue in *Ehrich* contained the following language:

> Dear David Ehrich:
>
> This account was placed with our office to recover the amount due,
> Convergent Outsourcing will be handling the account on behalf of LVNV
> Funding LLC. The records of LVNV Funding LLC show that your account
> has a past due balance of $[REDACTED].
>
> Our client has advised us that they are willing to settle your account for 50%
> of your total balance due to settle your last balance. The full settlement must
> be received in our office by an agreed upon date. If you are interested in
> taking advantage of this offer, call our office within 45 days of this letter.
> Your settlement amount would be $[REDACTED] to clear this account in
> full. Even if you are unable to take advantage of this offer, please contact
> our office to see what terms can be worked out on your account. We are not
> required to make this offer to you in the future.

*Id.* The plaintiff argued that under the FDCPA's "least sophisticated customer" standard,

defendant's letter could be construed as a threat to sue if the debt is not settled, thereby

violating the FDCPA. *Id.* Defendant moved to dismiss for failure to state a cause of action

under Rule 12(b)(6). The *Ehrich* court granted the defendant's motion to dismiss with

prejudice for two reasons. *Id.*

First, the *Ehrich* court held that the defendant did not violate the FDCPA by failing

to advise the plaintiff of the time-barred status of the debt. *Id.* at *2. The FDCPA does not

require a debt collector to "advise a consumer of any potential defense to a legal action,"

including "advising a consumer of the time-barred status of a particular debt." *Id. citing*

*Dimatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, No. 14-3746, 2015 WL 4281508, at *2

(2d Cir. July 16, 2015); *Daugherty v. Convergent Outsourcing, Inc.*, No. CIV.A. H-14-

3306, 2015 WL 3823654, at *2 (S.D. Tex. June 18, 2015). The *Ehrich* court continued on

to note that "'the majority of courts have held that when the expiration of the statute of

limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Id. citing Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 32-33 (3d Cir. 2011).

Similarly, in this case, Defendants claim that Dynamic was not under an obligation to disclose to Palmer that the statute of limitations to enforce the debt that was the subject of the collection letter expired. Just as the *Ehrich* court recognized, Palmer's debt did not disappear simply because the statute of limitations to enforce the debt in court expired. Despite the expired statute of limitations to enforce the debt in court, Palmer still owes the debt. Dynamic is permitted to attempt to collect the debt, as the letter in question in this case attempted to do, just as Palmer may pay the debt that he owes.

Second, the *Ehrich* court held that a "debt collector's offer to settle a debt does not in and of itself constitute a threat to bring legal action." *Ehrich*, 2015 WL 6470453 at *3. The *Ehrich* court provided a lengthy list of authority from other districts supporting its position in a string citation.[1] In analyzing the above language in the defendant's letter to the plaintiff, the *Ehrich* court held that language stating that the defendant was willing to settle the debt was not a "threat of future action, litigation or otherwise." *Id.* The *Ehrich*

---

[1] This string cite included the following cases: "*See, e.g., Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) (suggesting that an offer to settle in the absence of a threat to sue is not enough for FDCPA liability); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Skinner v. Asset Acceptance, LLC*, 876 F. Supp. 2d 473, 478–79 (D.N.J. 2012) ("The letter, however, is an offer to settle the debt and does not constitute or contain a threat to take any action, which is the conduct prohibited by § 1692e(5)"); *Schaefer v. ARM Receivable Mgt., Inc.*, No. CIV.A. 09-11666-DJC, 2011 WL 2847768, at *4 (D. Mass. July 19, 2011) (finding that "[e]ven the least sophisticated consumer would not understand [an offer to settle a debt] to explicitly or implicitly threaten litigation")." The *Ehrich* court also cited *Daugherty v. Convergent Outsourcing, Inc.*, No. CIV.A. H-14-3306, 2015 WL 3823654, at *2 (S.D. Tex. June 18, 2015) in support of its position.

court continued on to state that the letter at issued lacked "language the least sophisticated consumer could reasonably construe as a threat, such as negative consequences in the event of non-payment." *Id.* In other words Defendant's "use of the word 'settle,' without more, cannot be taken as a threat, even by the least sophisticated consumer." *Id.*

Just as in *Ehrich*, the letter at issue in this case offers to settle a debt. *See Compl. Ex. 1.* The letter at issue in this case does not expressly threaten future action, litigation or otherwise. Moreover, the letter at issue in this case does not state that there will be negative consequences should the consumer not resolve the debt. Accordingly, based on the above, Defendants contend that the letter at issue in this case does not constitute a threat to take an action that cannot be taken, as required to state a cause of action under the FDCPA for violation of 15 U.S.C. §§ 1692e(2), 1692e(5), or 1692e(10).

Based on the above, the *Ehrich* court dismissed Plaintiff's claim for failure to state a cause of action. The *Ehrich* court also denied Plaintiff's request to amend the Complaint because such amendment would be futile. In denying the plaintiff the opportunity to amend the Complaint, the court stated the following:

> The real issue is whether Convergent engaged in unlawful debt collection by seeking the voluntary settlement of a time-barred debt. Because Convergent neither initiated nor threatened legal action in its collection efforts, the answer is quite simply, no. Therefore, because the complaint as amended is still subject to dismissal, it would be futile to give Ehrich leave to amend.

*Ehrich*, 2015 WL 6470453 at *4.

The Order in the present case relied upon *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) and *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015), in supporting the position that Plaintiff was likely to prevail against Defendants.

Specifically, the Order cited *McMahon* for the proposition that other circuits agreed with the analysis in the Order. However, the *Ehrich* case specifically disagreed with the reasoning in *McMahon*, stating as follows:

> Ehrich's invocation of *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), is unavailing. There the Court of Appeals for the Seventh Circuit held that an offer to settle a debt constituted a threat to sue. *Id.* at 1020. With respect to that court, however, whose decisions are not binding in this jurisdiction, this Court finds far more persuasive—and consistent with Eleventh Circuit precedent—the decisions reached by the Third and Eighth Circuits in *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28 (3d Cir. 2011), and *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767 (8th Cir. 2001), as well as a great number of courts throughout the country, all of which have ruled that an offer to settle does not constitute a threat.

Accordingly, based on the holding in the *Ehrich*, and the cases cited therein, Defendants believe they have a strong liability defense that Plaintiff's Complaint fails to state a cause of action as a matter of law, and that any amendment would be futile.

In addition to the *Ehrich* court's finding that a letter with similar language to the one at issue in this case does not violate the FDCPA as a matter of law, Defendants contend that they also have a number of defenses against the potential certification of the class proposed by Plaintiff. A November 2, 2015, Middle District Order denying class certification in a case based on the same theory of liability under the FDCPA, *Riffle v. Convergent Outsourcing, Inc.*, illustrates these arguments. 6:14-cv-1181-Orl-22KRS, 311 F.R.D. 677 (M.D. Fla November 2, 2015). Defendants could present many of the same arguments in *Riffle* against class certification, including that an individualized inquiry would be required for each class member's debt to determine whether the debt was time-barred for reasons such as "tolling issues, revival issues, or any other actions between the debtor and creditor that may have modified their original agreement." *Id.* 680, 683-684.

The Parties are aware that in Baez v. LTD Financial this Court rejected an argument where Defendant LTD argued that "the Court will need to ascertain whether each class member's debt was time-barred such that LTD's alleged failure [to disclose the effect of paying on a time-barred debt] would actually violate that particular class member's FDCPA rights." *Baez v. LTD Fin. Servs., L.P.*, 6:15–cv-1043-ORL-40TRS, 2016 WL 3189133 at *5 (M.D. Fla. June 8, 2016).  In Baez, this Court disposed of Defendant LTD's argument based upon the form of the dunning letters which informed the consumers "The law limits how long you can be sued on a debt.  Because of the age of this account, you will not be sued for the debt." *Id.*  Unlike Baez, the letters at issue in this case do not disclose that the account is time barred or that Defendants will not sue in order to collect the debts and, therefore, the issue of predominance remains unsettled before this Court.

Plaintiff's theory of liability continues to rely upon *McMahon v. LVNV Funding, LLC*, supra and *Buchanan v. Northland Group, Inc.*, supra, and Plaintiff maintains that he will prevail in this case.  Nonetheless, Plaintiff recognizes the risk presented by Defendants' arguments, case law, and defenses and in consideration thereof has agreed to the terms of settlement herein.  Accordingly, the Parties' settlement agreement actually provides relief to persons who may not have other been aware of their entitlement to same had the class been defeated, and may not have received any relief whatsoever.

In addition to the above, the Order expressed concern with the amount of the Class Settlement Fund. In order to address the concerns that the class was not receiving a sufficient award, the Parties have agreed to double the amount of Class Settlement Fund from $12,000 to $24,000.

Finally, the Order expressed concern that Cascade was not contributing to the class award. To that end, as part of their business relationship, Dynamic agreed to indemnify Cascade for any collection efforts by Dynamic on behalf of Cascade. Any contribution from Cascade will be borne by Dynamic, regardless of the structure of the settlement agreement. Accordingly, the Parties structured the settlement agreement to take into account that Dynamic will be the responsible Defendant for paying the settlement money.

In light of the previous defenses raised in the Parties' previous Memoranda, and those enumerated above, the Parties believe the new proposed class award of $24,000.00 is fair, adequate, and reasonable settlement of this matter.

**B.     The proposed settlement unfairly confers preferential treatment on Plaintiff to the detriment of the class.**

The Parties have taken two steps to address the Court's concern regarding the division of settlement funds, as described above. First, the Parties have increased the class award from $12,000.00 to $24,000.00. Second, the Parties have decreased the Plaintiff's payment for recognition as Class Representative from $2,000 to $500, and decreased Plaintiff's statutory damages from $1,000 to $500.  Thus, the total recovery for Mr. Palmer, Jr., has been reduced from $3,000.00 to $1,000.00.

**C.     The proposed settlement was reached in the absence of meaningful discovery.**

While the Parties understand the Court's concern that settlement agreement was reached without thorough meaningful discovery, the Parties have exchanged the necessary documentation and information to resolve the matter both through written discovery and outside the discovery process through the professional courtesy of counsel

for Defendants and Plaintiff. Defendants have provided sufficient documentation, affidavits, and information to ascertain the size and parameters of the proposed class and to ascertain the amount of damages available as part of a class award.

Moreover, additional discovery will incur additional fees and costs by attorneys for both Defendants and the Plaintiffs, which may make the case more difficult to ultimately settle in a cost effective manner for the benefit of the purported class members, Plaintiff and Defendants. Accordingly, the Parties agree that they have conducted sufficient discovery and exchange of documents and affidavits to arrive at the conclusion that the current settlement agreement is a fair resolution of these matters.

## IV.    <u>CONCLUSION.</u>

As the Class Settlement Agreement is fair, reasonable, and adequate to the parties and Class members, the parties request that the Court certify a Class as defined herein and grant preliminary approval of the Class Settlement Agreement.


Dated: July 6, 2016.

By:

/s/ Donald E. Petersen_____
DONALD E. PETERSEN
Florida Bar Number 0776238
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Phone: 407-648-9050
petersen221@yahoo.com
Attorneys for Plaintiff

/s/ O. Randolph Bragg_____
O. Randolph Bragg (pro hac vice)
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, IL 60602
rand@horwitzlaw.com
Co-counsel for Plaintiff


/s/ Ernest H. Kohlmyer, III
ERNEST H. KOHLMYER, III, ESQ. LLM
Florida Bar No. 0110108
URBAN, THEIR, FEDERER & CHINNERY, P.A.
200 South Orange Avenue; Suite 20000
Orlando, FL 32801
Phone : 407) 245 – 8352
Fax : (407) 245 – 8361
Kohlmyer@urbanthier.com
Attorneys for Defendant, Cascade Capital, LLC

/s/ Brian D. Rubenstein
BRIAN RUBENSTEIN, ESQ
Florida Bar No. 16997
Cole, Scott & Kissane, P.A.
4301 West Boy Scout Boulevard; Suit 400
Tampa, FL 33607
Phone : 813 – 864 – 9319
Fax : 813 – 286 – 2900
Brian.Rubenstein@ckslegal.com
Attorney for Defendant, Dynamic Recovery Solutions, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system this 6th day of July 2016, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
4301 West Boy Scout Boulevard, Suite 400
Tampa, Florida 33607
Primary E-mail:
brian.rubenstein@csklegal.com
Secondary E-mail: eric.moody@csklegal.com
Secondary E-mail: jennifer.rinn@csklegal.com
Telephone:    (813) 289-9300
Facsimile:    (813) 286-2900


By:_____*/s/ Brian Rubenstein*
BRIAN RUBENSTEIN
FBN: 0016997