**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RAY PALMER, JR., on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                          Case No: 6:15-cv-59-Orl-40KRS

DYNAMIC RECOVERY SOLUTIONS LLC
and CASCADE CAPITAL, LLC,

    Defendants.

## ORDER

This cause comes before the Court on the parties' Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement (Doc. 60) and the parties' Joint Memorandum in Support of Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement (Doc. 61), filed July 6, 2016. Upon review of the parties' proposed settlement agreement, their memorandum of law, and the record as a whole, the Court will certify a settlement class and preliminarily approve the settlement.

**I.    BACKGROUND**

Plaintiff, Ray Palmer, Jr., initiated this putative class action against Defendants, Dynamic Recovery Solutions, LLC ("Dynamic") and Cascade Capital, LLC ("Cascade"), to vindicate his rights and the rights of other similarly situated consumers under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Plaintiff alleges in his Complaint that he and the 1,181 other putative class members incurred and subsequently defaulted on credit card obligations owed to Bank of America. After the statute of limitations had passed to legally enforce these defaulted obligations, Bank of America sold them to Cascade. Cascade then contracted with Dynamic to collect on the debts.

In furtherance of its collection efforts, Dynamic mailed dunning letters to Plaintiff and the putative class members seeking payment of the defaulted credit card obligations.  Each letter informed the recipient that he or she owed a debt, that the original creditor was Bank of America, and that Cascade currently owns the right to collect on the obligation.  Each letter further outlined a number of payment plans through which the recipient could "settle" his or her account.  Upon completion of a payment plan, each letter promised that the account would be considered "satisfied and closed" and that "a settlement letter [would] be issued."  The letters never disclosed that the underlying credit card obligations were no longer legally enforceable.

By couching its collection efforts in terms of "settlement" and offering payment plans without disclosing the fact that the underlying credit card obligations were no longer legally enforceable, Plaintiff claims that the dunning letters misrepresent the character or legal status of the obligations and, as a result, constitute a false, misleading, and unfair debt collection practice.  Both Dynamic and Cascade deny that the letters violate the FDCPA and maintain that, even if they do, any violation was the result of a bona fide error.  Cascade additionally denies liability on the ground that it cannot be held vicariously liable under the FDCPA for any misconduct by Dynamic.

The parties previously advised that they resolved their dispute and moved to certify a settlement class and to preliminarily approve their settlement agreement on October 30, 2015.  However, upon review of that settlement, the Court determined that a number of reasons counseled against its approval.  The parties have since continued their negotiations and now renew their request to certify a settlement class and preliminarily approve the settlement agreement.

## II. STANDARD OF REVIEW

The Court incorporates the standards of review enunciated in the Court's May 4, 2016 Order resolving the parties' first Joint Motion for Class Certification and Preliminary Approval of Class Settlement. (*See* Doc. 57, pp. 3–6 & n.1).

## III. DISCUSSION

The Court disapproved of the parties' initial settlement agreement for three reasons. First, the Court found that the proposed settlement did not fairly and adequately account for Plaintiff's likelihood of success against Defendants. (*Id.* at pp. 6–17). Second, the Court observed that the proposed settlement unfairly conferred preferential treatment on Plaintiff to the detriment of the Class. (*Id.* at pp. 17–22). Finally, the Court found that the proposed settlement was reached in the absence of meaningful discovery. (*Id.* at p. 22).

The parties have addressed these deficiencies in their revised settlement by doubling the amount of money payable to the class, decreasing the incentive award payable to the named Plaintiff from $2,000 to $500, and confirming that they have engaged in the discovery necessary to duly resolve the Class's claims in this case. The Court finds that these changes remedy the problems found in the parties' initial settlement. The Court will accordingly certify a settlement class and grant preliminary approval to the settlement agreement.

## IV. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The parties' Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement (Doc. 60) is **GRANTED**.

2. The following Class is **CERTIFIED**:

    > (i) All persons with addresses in Florida; (ii) to whom Defendant Dynamic Recovery Solutions LLC sent, or caused to be sent, a letter in the form of Exhibit A attached to the Complaint on behalf of Defendant Cascade Capital LLC; (iii) in an attempt to collect an

    alleged debt originally due Bank of America; (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes; (v) on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A; (vi) during the year prior to the filing of the original complaint in this action through the date of certification.

3. The Court appoints Plaintiff, Ray Palmer, Jr., as lead Plaintiff and Class Representative.

4. The Court appoints Donald E. Petersen and O. Randolph Bragg as lead Class Counsel.

5. The Court finds that the proposed Class Settlement Agreement ("Agreement") (Exhibit A to the parties' Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement) is reasonable, fair, and adequate, and the Court grants preliminary approval to it.

6. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it will be held before this Court on **December 19, 2016, at 9:30 a.m.** The final fairness hearing will be conducted before the Honorable Paul G. Byron in the United States Courthouse, 401 West Central Boulevard, Orlando, Florida, Courtroom 4B. The Court has set aside two (2) hours to conduct the hearing.

7. The Court approves the proposed form of notice to the Class (attached as Exhibit D to the parties' Renewed Joint Motion For Class Certification and Preliminary Approval of Class Settlement), which shall be directed to the last known address of the Class members as shown on Defendants' records, as updated by a National Change of Address update. Defendant Dynamic Recovery Solutions LLC's counsel will arrange for third party administrator,

First Class, Inc., to mail the notice to Class members on or before **October 26, 2016**, and upon this Court's entry of an Order Granting Final Approval of Class Settlement, for payment to be distributed pursuant to the Agreement to those Class members defined in Paragraph 9(a).

8. The Court finds that mailing of the Class notice and other measures specified above to locate and notify members of the Class is the only notice required and that such notice satisfies the requirements of due process and Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

9. Class members shall have **forty-five (45) days** from the date Notice of the Class Settlement is initially mailed to opt out or request exclusion, enter an appearance, or file an objection.

**DONE AND ORDERED** in Orlando, Florida on October 11, 2016.

*[signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record