UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY PALMER, JR.,
    on behalf of himself,
    and all others similarly situated,

    Plaintiff,

vs.                             CASE NO.: 6:15-CV-59-ORL-40-KRS

DYNAMIC RECOVERY SOLUTIONS LLC,
    a South Carolina limited liability
    company,

and CASCADE CAPITAL, LLC,
    a Delaware limited liability company,

    Defendants.
_____/

**JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT**

Plaintiff, Ray Palmer, Jr. ("Plaintiff"), on behalf of himself and the class he represents, and Defendants Dynamic Recovery Solutions LLC (hereinafter referred to as "Defendant Dynamic") and Cascade Capital, LLC (hereinafter referred to as "Defendant Cascade") respectfully request that the Court enter an order granting final approval of the Class Settlement Agreement, attached hereto as Exhibit A.

In support of this motion, Plaintiff and Defendants state the following:

1. On January 15, 2015, Plaintiff filed his Class Action Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). [DE 1].

2. On February 20, 2015, Defendant Cascade filed its Answer to the Class Action Complaint. [DE 14].

1

3. On March 10, 2015, Defendant Dynamic filed its Answer to the Class Action Complaint. [DE 26].

4. On July 20, 2015, Plaintiff filed a Notice of Settlement of Class Action. [DE 40].

5. On October 30, 2015, the Parties filed their Joint Motion for Class Certification and Preliminary Approval of Class Settlement. [DE 43].

6. On November 17, 2015, this Court held a hearing on the Parties' Joint Motion to Certify the Class, and following the hearing, entered an Order requiring the Parties to file a joint memorandum of law on the issue of vicarious liability. [DE 51].

7. On December 10, 2015, the Parties filed their Joint Memorandum of Law on the Issue of Vicarious Liability in Support of Joint Motion for Class Certification and Preliminary Approval of Class Settlement in response to the Court's November 17, 2015 Order. [DE 55].

8. On May 4, 2016, this Court entered an Order denying the Parties' Joint Motion for Class Certification and Preliminary Approval of Class Settlement, and further requiring the Parties to file their renewed joint motion for class certification and preliminary approval of settlement, or, in the alternative, for Plaintiff to file a motion for class certification within 30 days of the date of the Order. [DE 57].

9. On May 17, 2016, Defendant Dynamic filed its Unopposed Motion for Extension of Time to File a Renewed Joint Motion for Class Certification and

Preliminary Approval of Settlement or in the Alternative for Plaintiff to File a Motion for Class Certification. [DE 58].

10. On May 18, 2016, this Court entered an Order providing the Parties an extension up to and including July 6, 2016, to file a Renewed Joint Motion for Class Certification and Preliminary Approval of Settlement or in the Alternative for Plaintiff to File a Motion for Class Certification. [DE 59].

11. On July 6, 2016, the Parties filed their Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement. [DE 60].

12. On October 11, 2016, this Court entered an Order granting the Parties' Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement. [DE 65].

13. On November 21, 2016, the Parties filed their Amended Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement to correct a clerical error in the Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement. [DE 67].

14. On December 2, 2016, this Court entered an Order granting the Parties' Amended Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement, and scheduling a final fairness hearing for February 21, 2017. [DE 68]. A copy of the Court's Order granting the Parties' Amended Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement is attached hereto as Exhibit B.

15. On December 15, 2016, Defendant Dynamic caused notice to be sent to 1,746 class members. A total of 326 notices were returned by the United

States Postal Service with no forwarding address. Six notices were returned by the United States Postal Service with a new address and remailed. No objections were received. One request for exclusion was received. Counsels for Plaintiff and Defendants received no objections and no requests for exclusion. *See* Affidavit of Bailey Hughes, attached hereto as Exhibit C.

16. There remains 1,419 class members that, upon final approval of the class settlement, are entitled to receive their *pro rata* share of the class fund. The payment to each class member will be $16.91.

## CLASS ACTION CERTIFICATION

1. Plaintiff alleges that it was the policy and practice of Defendants to send, or to cause to be sent, a form letter seeking to collect time-barred debts and did not disclose that the statute of limitations had expired and that Defendants could not sue the consumer to collect the debts in violation of 15 U.S.C. § 1692e.

2. Defendants deny liability to Plaintiff and the putative class for the claims alleged in the Complaint, but to avoid the cost of continuing litigation consider it desirable that the action proceed as a class action and the claims alleged herein be settled, upon the terms and conditions set forth in the Class Settlement Agreement ("Agreement") executed by the parties.

3. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

4. Defendant Dynamic has admitted that it mailed the form letter attached as Exhibit A to the Complaint (a copy of the Complaint and accompanying

      Exhibit is attached hereto as Exhibit D) to the members of the class as defined by Plaintiff.

5. There are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the class is that each was sent a letter in the form attached to the Complaint, verbatim in substance to the letter sent to Ray Palmer, Jr.

6. There are no individual issues other than identifying class members, which has been accomplished through a review of Defendants' records.

7. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

8. Ray Palmer, Jr. has fairly and adequately protected the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and/or class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue their action. *See* Declaration of Ray Palmer, Jr. in Support of Plaintiff's Motion for Class Certification, Declaration of Donald E. Petersen in Support of Plaintiff's Motion for Class Certification, and Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for Class Certification, filed separately. [D.E. 38].

9. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a.    Congress specifically contemplated FDCPA class actions as a principle means of enforcing the statute. 15 U.S.C. § 1692k(a)(2)(B) and 15 U.S.C. § 1692k(b)(2).

    b.    Most of the class members are not aware of their rights and have no knowledge that their rights are potentially being violated by Defendants' collection practices.

    c.    The interest of the class members to individually control the litigation is small because the maximum statutory damages in an individual action are $1,000.00.

    d.    Management of this action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

10.    These grounds for final approval of the Agreement are further explained and supported by the Joint Memorandum in Support of Final Approval of Class Settlement filed concurrently with this Motion, as well as the prior Memorandum of Joint Motion for Class Certification and Preliminary Approval of Class Settlement filed with this Court on October 30, 2015, (a copy being attached hereto as Exhibit E), the Joint Memorandum of Law on the Issue of Vicarious Liability in Support of Joint Motion for Class Certification and Preliminary Approval of Class Settlement filed with this Court on December 10, 2015 (a copy being attached hereto as Exhibit F), and the Memorandum in Support of Renewed Joint Motion for Class Certification and for Preliminary

Approval of Class Settlement filed with this Court on July 6, 2016 (a copy being attached hereto as Exhibit G).

### **FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT**

11. Counsel for the Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and exposure involved in pursing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likely costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, and after arms-length negotiations, Plaintiff and Defendants entered into the Agreement.

12. Pursuant to the Agreement, the parties have agreed to the following settlement:

    a. Defendant Dynamic, on behalf of itself and Defendant Cascade, shall pay a total of $24,000.00 to the class for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) to be distributed on a pro rata basis to each class member who does not timely opt out or exclude himself or herself from the class settlement (the "Class Settlement Fund");

    b. Defendant Dynamic, on behalf of itself and Defendant Cascade, shall pay Plaintiff a total of $500.00 in recognition for his service as Class Representative, and Defendant Dynamic, on behalf of itself and Defendant Cascade, shall pay an additional total of $500.00 to Plaintiff as his statutory damages pursuant to 15 U.S.C. § 1692k (this is in

        addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund);

    c.    Plaintiff shall be deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. Defendant Dynamic, on behalf of itself and Defendant Cascade, shall pay Plaintiff's reasonable attorneys' fees and costs as determined or approved by the Court pursuant to Rule 23(h) if the amount of reasonable attorneys' fees and costs cannot first be agreed upon by the Parties (this is in addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund); and

    d.    Defendant Dynamic, on behalf of itself and Defendant Cascade, shall pay the reasonable costs of class notice, distribution, and administration directly to the class administrator in advance of the services necessitating any such costs (this is in addition to and will not reduce or otherwise affect the $24,000.00 Class Settlement Fund).

13. Plaintiff and counsel for Plaintiff and the class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable and adequate, and would be in the best interest of the class members.

14. The parties have complied with the requirements of the Court's December 2, 2016, Order on the parties' Amended Renewed Joint Motion for Class Certification and Preliminary Approval of Class Settlement, and now request

the Court enter an order granting final approval of the Class Settlement Agreement.

WHEREFORE, Plaintiff and Defendants respectfully request this Court enter an order in the form of the attached Exhibit H that grants final approval of the Class Settlement Agreement.

Dated: February 10, 2017

By:

/s/ Donald E. Petersen
DONALD E. PETERSEN
Florida Bar Number 0776238
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Phone: 407-648-9050
petersen221@yahoo.com
Attorneys for Plaintiff


/s/ O. Randolph Bragg
O. Randolph Bragg (pro hac vice)
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, IL 60602
Phone (312) 372-8822
rand@horwitzlaw.com
Co-counsel for Plaintiff


/s/ Ernest H. Kohlmyer, III
ERNEST H. KOHLMYER, III, ESQ. LLM
Florida Bar No. 0110108
URBAN, THEIR, FEDERER & CHINNERY, P.A.
200 South Orange Avenue; Suite 20000
Orlando, FL 32801
Phone : 407) 245 – 8352
Fax : (407) 245 – 8361
Kohlmyer@urbanthier.com
Attorneys for Defendant, Cascade Capital, LLC

/s/ Brian D. Rubenstein
BRIAN RUBENSTEIN, ESQ
Florida Bar No. 16997
Cole, Scott & Kissane, P.A.
4301 West Boy Scout Boulevard; Suit 400
Tampa, FL 33607
Phone : 813 – 864 – 9319
Fax : 813 – 286 – 2900
Brian.Rubenstein@ckslegal.com
Attorney for Defendant, Dynamic Recovery Solutions, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system this 14th day of February 2017, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
4301 West Boy Scout Boulevard, Suite 400
Tampa, Florida 33607
Primary E-mail: brian.rubenstein@csklegal.com
Secondary E-mail: eric.moody@csklegal.com
Secondary E-mail: jennifer.rinn@csklegal.com
Telephone:   (813) 289-9300
Facsimile:   (813) 286-2900


By**:**      **/s/ Brian Rubenstein**
           BRIAN RUBENSTEIN
           FBN: 0016997