UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY PALMER, JR., on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                                                            Case No: 6:15-cv-59-Orl-40KRS

DYNAMIC RECOVERY SOLUTIONS
LLC and CASCADE CAPITAL, LLC,

    Defendants.

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT

This cause comes before the Court on the parties' Joint Motion for Final Approval of Class Settlement Agreement (Doc. 71), filed February 14, 2017, and Plaintiff's Motion for an Award of Attorney's Fees and Expenses (Doc. 73), filed February 15, 2017.

On December 2, 2016, the Court preliminarily approved the Class Settlement Agreement ("Agreement") and certified a class for purposes of settlement. (Doc. 68). The Agreement includes damages to Plaintiff and the class members, payment of the costs of class administration, Plaintiff's reasonable litigation costs, and Plaintiff's reasonable attorney's fees. The Court has been informed that the third-party class administrator, First Class, Inc., sent the class notice via first-class mail to 1,746 class members. A total of 326 notices were returned by the United States Postal Service with no forwarding address. Six notices were returned by the United States Postal Service with a new address and re-mailed. No objections were received. One request for exclusion was

received. Counsels for Plaintiff and Defendants received no objections and no requests for exclusion.

On July 10, 2017, the Court held a fairness hearing to which Class members, including any with objections, were invited. The Court, being fully advised on the premises, hereby orders as follows:

1. The Court finds that the provisions for notice to the Class satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

2. The Court finds that the settlement is fair and reasonable, and hereby approves the Class Settlement Agreement.

3. Defendant Dynamic Recovery Solutions, LLC (hereinafter referred to as "Defendant Dynamic") shall pay to each Class member who did not opt out, object to, or exclude himself or herself from the settlement, their pro rata share of the $24,000.00 Class Fund. Within thirty (30) days of this Order, Defendant Dynamic, on behalf of itself and Cascade Capital, LLC (hereinafter referred to as "Defendant Cascade"), shall provide the class administrator with a check for $12,000.00, which is half the amount of the Class Fund. Within thirty (30) days of this Order, Defendant Dynamic shall provide Plaintiff's counsel, on behalf of itself and Defendant Cascade, with a check to Plaintiff for $500.00 which is half of the amount due to Plaintiff in recognition of his service as Class Representative and his statutory damages pursuant to 15 U.S.C. § 1692k. Within sixty (60) days of this Order, Defendant Dynamic shall provide the class administrator, on behalf of itself and Defendant Cascade, with a second check for $12,000.00 which is the remaining half of the Class Fund. Within sixty (60) days of this Order, Defendant Dynamic shall provide Plaintiff's counsel, on behalf of itself and Defendant Cascade, with a second

check for $500.00 which is the remaining half of the amount due to Plaintiff in recognition of his service as Class Representative and his statutory damages pursuant to 15 U.S.C. § 1692k. Plaintiff's counsel shall distribute $1,000.00 to Plaintiff. The class administrator shall distribute $24,000.00 pro rata to each class member. Settlement checks shall be void forty-five (45) days from the date of issuance.

4. Within thirty (30) days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid by the class administrator on behalf of Plaintiff's counsel as a *cy pres* remedy to be divided equally between National Consumer Law Center and National Association of Consumers Advocates for use in consumer representation and advocacy.

5. Pursuant to the Agreement, Plaintiff is deemed the prevailing and successful party solely for purposes of an award of costs and attorney's fees. Counsel for Plaintiff and counsel for Defendant Dynamic have reached an agreement as to the total final amount of attorney's fees and costs to be paid to Plaintiff's counsel on behalf of Defendant Dynamic and Defendant Cascade, and that amount is $58,500.00, provided that the Court grants Final Approval of the Class Settlement Agreement at the hearing on July 12, 2017.

6. Within twenty-one (21) days after the "Effective Date" defined in the Class Settlement Agreement, Defendant Dynamic shall provide Plaintiff's counsels with a check for $58,500.00 on behalf of Defendant Dynamic and Defendant Cascade representing Plaintiff's costs and attorney's fees. Assuming the Court grants Final Approval of the Class Settlement Agreement at the hearing on July 12, 2017, this check shall represent full and final payment for all of Plaintiff's counsel's attorney's fees and costs. Defendants

shall not be required to pay any additional attorney's fees and costs to Plaintiff or Plaintiff's counsel above and beyond the $58,500.00 payment.

7. The Court finds the Class Settlement Agreement to be fair, adequate, and reasonable, and made in good faith.

8. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Class Settlement Agreement and of this Order. Upon the performance of all terms of this Order, including the administration of the *cy pres* award after the checks are void, the parties shall file a stipulation advising the Court that all terms have been performed, requesting dismissal of the case with prejudice.

It is therefore **ORDERED AND ADJUDGED** that the parties' Joint Motion for Final Approval of Class Settlement Agreement (Doc. 71) and Plaintiff's Motion for an Award of Attorney's Fees and Expenses (Doc. 73) are **GRANTED** as stated herein. The Clerk of Court is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** in Orlando, Florida on July 14, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

4